UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OVIDIU MARCEL DEAC,

                                                                    MEMORANDUM
                                    Plaintiff,                      AND ORDER

                    -against-                                        12-CV-5952 (NGG)

IL POSTINO, INC., et al.,

                                    Defendants.
-------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

Currently pending before this Court is a document dated December 2, 2013, filed by

*pro se* plaintiff Ovidiu Marcel Deac ("plaintiff"), and titled "Plaintiff Motion to Reconsider"

("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #56.  Confusingly, in

his seven-page, single-space application, plaintiff asserts that he will "obey" and "will not

object to" the November 20, 2013 Memorandum and Order ("November 20th Order") (DE

#54) of the undersigned magistrate judge, see Pl. Motion at 1; nevertheless, plaintiff asks the

"United States District Court" to grant "plaintiff's motion to reconsider," see id.  Recognizing

that plaintiff is proceeding without counsel, the Court will construe plaintiff's pending

application as a motion for reconsideration addressed to the judge who issued the challenged

decision.  Having reviewed that application, and the November 20th Order, the Court declines

to modify its prior ruling.

## DISCUSSION

Plaintiff contends that he "ask[ed] the Court several times to compel defendants to

answer plaintiff['s] discovery and written interrogatories[,]" but that defendants failed to

comply and "obstructed" discovery. Pl. Motion at 1.[1]  While plaintiff, as is his habit, goes on

at length about the various wrongs allegedly committed by defendants, see Pl. Motion at 3-7,

the only aspect of the Court's November 20th Order that he seems to challenge is its ruling

concerning immigration matters; specifically, plaintiff argues that "at this time [the] material

immigration issue . . . is completely obstructed." Id. at 2.  However, plaintiff ignores the

relevant portion of the Court's ruling, which specifically overruled defendants' objection to

the one discovery demand cited by plaintiff in his motion to compel: i.e., plaintiff's

Interrogatory No. 7, which in substance asked whether defendant Il Postino, Inc., had offered

to sponsor defendant Mauro Jerez for a green card.  See November 20th Order at 1-2.[2]  The

Court ordered defendants to respond to Interrogatory No. 7 by November 26, 2013, see id. at

2, and they apparently have done so.  See Exhibit to Reply in Opposition, DE #57 at 3.[3]  Since

---

[1]  Among other things, plaintiff complains that defendants violated an earlier court order
requiring that they respond to plaintiff's discovery demands by November 15, 2015.  See Pl.
Motion at 1.  Plaintiff misconstrues the referenced court order, which did no such thing.
Rather, when plaintiff moved to extend the deadline for discovery (and to open immigration
and tax investigations of defendants), see Motion for Extension of Time ("11/8/13 Pl.
Motion"), DE #49, the Court endorsed an order directing defendants "*to respond to this
motion* by November 15, 2013." Endorsed Order, DE #50 (emphasis added).  Defendants
complied with that order.  See Reponse in Opposition to Motion (Nov. 15, 2013), DE #51.

[2]  In doing so, the Court cited defendants' deposition examination of plaintiff on immigration
matters and defendants' arguments to the Court in support thereof.  See November 20th Order
at 2.

[3]  However, defendants' response to Interrogatory No. 7 is incomplete (plaintiff also asked that
defendants specify the type of sponsorship) and is contained in an unsworn letter from defense
counsel.  See generally 11/8/13 Pl. Motion at 2-3 (asserting that defendants falsely sponsored
Jerez as a cook).  Defendants are directed to serve, by December 20, 2013, a response that
fully responds to Interrogatory No. 7 and fully complies with Rule 33(b) of the Federal Rules
of Civil Procedure.

plaintiff received a favorable ruling on this issue, there is no need for the Court to reconsider it in response to his motion.

It may well be that plaintiff's challenge to the alleged obstruction of "immigration issues" does not relate to Interrogatory No. 7 but rather was intended to seek reconsideration of that portion of the November 20th Order in which the Court, in its discretion, declined to reopen discovery for ninety days. See November 20th Order at 3-4. Plaintiff has not satisfied the high bar for securing reconsideration of that decision. See generally cases cited in Reply in Opposition at 1, DE #57. In any event, even if the Court were inclined to revisit plaintiff's previous request to reopen discovery (despite plaintiff's failure to expressly make such a request in his pending motion for reconsideration), the Court would nevertheless reach the same conclusion as before. The relevant procedural history of the case is set forth in the November 20th Order and need not be recounted here; suffice it to say, plaintiff has no one to blame but himself for failing to timely serve discovery demands. See November 20th Order at 3. Nor has he specified in his original motion for extension of time, or in his latest application, what additional forms of discovery he requires in order to prove his case -- other than his request for a response to Interrogatory No. 7. See id.; Pl. Motion at 4. Even generously construing his *pro se* submissions, plaintiff has not shown good cause for reopening discovery. See id. at 4 (citing Fed. R. Civ. P. 16(b)(4)).

## CONCLUSION

For the foregoing reasons, having reconsidered its November 20th Order, the Court

adheres to the rulings contained therein, but directs defendants to comply with the directive in

footnote 3 of this opinion.

Any objections to the rulings in this Memorandum and Order must be filed with the

District Court no later than December 30, 2013, or will be deemed waived.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**December 12, 2013**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**