UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OVIDIU MARCEL DEAC,

                            Plaintiff,

       -against-

IL POSTINO, INC., LUIGI RUSSO, ALFIO
RUOCCO, and MAURO JEREZ,

                            Defendants.
----------------------------------------------------------------X

**ORDER**

**12-CV-5952 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 9, 2012, Plaintiff Ovidiu Marcel Deac ("Plaintiff" or "Deac") initiated this pro se action against Defendants Il Postino, Inc. ("Il Postino"), Luigi Russo, Alfio Ruocco, and Mauro Jerez (collectively, "Defendants"), in the Supreme Court of the State of New York, Queens County, alleging claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law ("NYLL"). (Not. of Removal., Ex. A (Summons & Compl.) (Dkt. 1-1).) Plaintiff additionally asserted claims for failure to provide leave and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., claims for employment discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, and a common law claim for assault and battery. (Id.) On November 30, 2012, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal (Dkt. 1).)

On January 27, 2014, pursuant to the briefing schedule set by the court, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Not. of Mot. (Dkt. 60).) On April 14, 2014, the court referred Defendants' motion to Magistrate Judge

1

Roanne L. Mann for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dkt. 68.) Because further briefing was required from the parties, the motion was not fully briefed until July 11, 2014. (Dkt. 81.)

On August 15, 2014, Judge Mann issued an R&R recommending that the court grant Defendants' motion in part and deny it in part. (See R&R (Dkt. 59).) With regard to Plaintiff's two FMLA claims, Judge Mann found on the basis of undisputed facts that Il Postino did not qualify as a covered "employer" under the statute and recommended the court dismiss the FMLA claims with prejudice. (See id. at 8-9.) On the FLSA claims, Judge Mann first determined that there was no genuine dispute among the parties that Plaintiff had, in fact, been properly compensated during the roughly two-year period from November 1, 2010, to November 9, 2012, when this action was imitated. (Id. at 10-12.) The R&R therefore recommended that the court grant Defendants' motion as it related to any alleged underpayments during that period. For the period prior to November 1, 2010, however, Judge Mann concluded that a genuine dispute of material fact remained regarding Plaintiff's overtime compensation. (Id. at 12-17.) As such, the R&R recommended that the court deny Defendants' motion as it related to any pre-November 1, 2010, underpayments subject to the applicable statute of limitations. Finding Plaintiff's federal wage claims to be subject to the FLSA's three-year statute of limitations, Judge Mann concluded that the court should deny the motion as it related to unpaid overtime wages during the period November 9, 2009, to October 31, 2010. (Id. at 18, 24.)

As Judge Mann aptly noted, there is some confusion in Defendants' papers as to whether they intended to move for summary judgment on Plaintiff's state law wage claims under the NYLL. (R&R at 9 n.7.) While Defendants' notice of motion and reply brief indicated an

intention to seek summary judgment on the NYLL claims (see Not. of Mot. (seeking summary judgment with regard to "the Complaint"); Defs.' Reply Mem. of Law (Dkt. 81) at 7-8 (arguing "Plaintiffs [sic] FLSA and New York Labor Law claims must be dismissed"), their opening brief did not offer any argument on Plaintiff's NYLL claims and only mentioned the statute in the preliminary statement (Defs. Mem. of Law (Dkt. 62) at 1, 13-16). Nonetheless, the court is satisfied that Defendants intended to seek summary judgment on the NYLL claims and concludes that their failure to argue the point was an oversight. The court accordingly modifies the R&R to the extent necessary to clarify that Defendants' motion for summary judgment on the NYLL claims is granted in part and denied in part. (See R&R at 9 n.7.) For the same reasons cited by Judge Mann in regard to Plaintiff's FLSA claim, Defendants' motion for summary judgment on the NYLL claims is granted as it relates to the roughly two-year period from November 1, 2010, to November 9, 2012. (See id. at 10-12 (discussing the absence of any dispute concerning the propriety of Plaintiff's compensation during this period).) However, as noted in the R&R, because Plaintiff's NYLL claims are subject to a six-year statute of limitations, see Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 338 (S.D.N.Y. 2005) (citing N.Y. Labor Law § 198(3)), the motion is denied as it relates to violations that occurred between November 9, 2006, and October 31, 2010, a longer period than that covered by the FLSA. (See id. at 12-18 & n.19.) See also Yang, 427 F. Supp. 2d at 338 (noting the NYLL's overtime provisions cover "violations that accrued during the six years that preceded the filing of the complaint").

Finally, based upon Judge Mann's determination that Plaintiff's employment discrimination claims and common law assault and battery claim did not "form part of the same case or controversy" as the federal wage claims, see 28 U.S.C. § 1367(a), the R&R found

3

Plaintiff's non-wage claims to be outside the court's supplemental jurisdiction and therefore recommended that the court sever and remand them to the New York State Supreme Court, Queens County, as required by 28 U.S.C. § 1441(c)(2). (R&R at 21-23.) Even if remand were not mandatory, Judge Mann recommended the court decline to exercise supplemental jurisdiction over the non-wage claims in Plaintiff's Complaint under 28 U.S.C § 1367(c)(2). (Id. at 23-24.) The R&R did recommend, however, that the court retain jurisdiction over Plaintiff's NYLL wage claims as they "clearly derive from a common nucleus of operative fact as the federal FLSA claim." (Id. at 21; see also id. at 9 n.7, 19 n.19, 24.)

No party has objected to Judge Mann's R&R,[1] and the time to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Finding no clear error, the court ADOPTS the R&R subject to the modification discussed above relating to Plaintiff's NYLL claims. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). Consistent with Judge Mann's recommendations as modified herein, Defendants' motion is GRANTED IN PART and DENIED IN PART:

- Plaintiff's FLSA claim is DISMISSED WITH PREJDUCE as it relates to underpayments occurring on or after November 1, 2010, but Defendants' motion is DENIED as it relates to violations occurring between November 9, 2009, and October 31, 2010 (Claim 1);

- Plaintiff's NYLL claims are DISMISSED WITH PREJUDICE as they relate to underpayments occurring on or after November 1, 2010, but Defendants' motion is DENIED as it relates to violations occurring between November 9, 2006, and October 31, 2010 (Claims 2 & 3);

---

[1] On August 22, 2014, Plaintiff filed a notice informing the court that he "HAS NO OBJECTION TO [THE] REPORT AND RECOMMENDATIONS" and that he would "OBEY THE COURT DECISION." (Pl. Resp. to R&R (Dkt. 83).) Defendants did not file a response to the R&R within the applicable period.

4

- Plaintiff's FMLA claims are DISMISSED WITH PREJUDICE (Claims 4 & 5); and

- Plaintiff's NYSHRL claims, NYCHRL claims, and common law claim for assault and battery are SEVERED AND REMANDED to the New York State Supreme Court, Queens County (Claims 6-12) pursuant to 28 U.S.C. § 1441(c)(2), but the court will exercise its supplemental jurisdiction over Plaintiff's NYLL claims.

As discovery in this matter is closed, trial may proceed on Plaintiff's FLSA and NYLL claims subject to the limitations outlined herein. The parties are DIRECTED to file a proposed joint pretrial order consistent with the court's Individual Rules of Practice within sixty (60) days of entry this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
September 4, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge